**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

| | |
|---|---|
| Richard Galmon, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>J.B. Hunt Transport, Inc.,<br><br>Defendant. | No. 3:26-cv-05322-BHS<br><br>**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Richard Galmon ("Plaintiff" or "Galmon") individually and on behalf of all other similarly situated employees, files this First Amended Complaint against Defendant J.B. Hunt Transport, Inc. ("Defendant" or "J.B. Hunt"), showing in support as follows:

## I. NATURE OF ACTION

1. This is a civil action brought under the Washington Minimum Wage Act, Wash. Rev. Code §§ 49.46.005-49.46.920 (the "MWA") seeking damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over forty (40) during each seven-day workweek.

2. Plaintiff files this lawsuit individually and under Rule 23 of the Federal Rules of Civil Procedure on behalf of all similarly situated current and former employees of



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

Defendant who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over forty (40) in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward (the "Class Members").

3. Plaintiff and the Class Members seek all damages available under the MWA, including back wages, double damages, legal fees, costs, and pre- and post-judgment interest.

## II. THE PARTIES

### A. Plaintiff Richard Galmon

4. Plaintiff is an individual residing in Lewis County, Washington. Plaintiff has standing to file this lawsuit.

5. Plaintiff began working for Defendant as an interstate truck driver on or about December 1, 2023. Plaintiff is a current employee.

6. At all times relevant to this lawsuit, Plaintiff has met the definition of employee under the MWA. Wash. Rev. Code § 49.46.010(4).

7. At all times, Plaintiff was paid a per mile rate of approximately 75 cents per mile, and $27 per drop.

### B. Class Members

8. The Class Members are all current and former Washington-based truck driver employees of Defendant who are or have been employed by Defendant at any time from the date three years before the commencement of this lawsuit through the date of trial of this action.

### C. Defendant J.B. Hunt Transport, Inc.

9. Defendant J.B. Hunt is a corporation organized under the laws of the state of Georgia.



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

10. Defendant's principal place of business as listed on its website is 615 J.B. Hunt Corporate Drive; Lowell, Arkansas 72745.

11. At all times relevant to this lawsuit, Defendant met the definition of employer under the MWA, specifically as a corporation acting directly or indirectly in the interest of an employer in relation to an employee. Wash. Rev. Code § 49.46.010(5).

## III. JURISDICTION AND VENUE

12. Plaintiff originally filed this action in the Superior Court of the State of Washington for Lewis County on January 27, 2026. Defendant removed this action to this Court on April 1, 2026, (ECF No. 1) asserting federal jurisdiction under 28 U.S.C. § 1332 (Diversity).

13. Plaintiff reserves the right to seek remand if early discovery reveals that this Court may not retain subject-matter jurisdiction over this purely state law dispute. Plaintiff files this Amended Complaint solely to comply with federal pleading standards. Nothing in this pleading constitutes a waiver of Plaintiff's contention that venue and jurisdiction properly rest where filed.

14. To the extent federal jurisdiction is provisionally asserted by Defendant's removal, Plaintiff agrees that venue is proper in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1441(a), because it is the federal judicial district embracing the state court where Plaintiff originally filed this action.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff is employed by Defendant as a truck driver in connection with its logistics business operations. His primary job duties involve transporting freight between locations, sometimes interstate but generally within the state of Washington. Indeed, Plaintiff estimates that approximately 98% of his time spent transporting freight is within the state of Washington.



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

16. Plaintiff generally drove local routes operating a day cab unit with a gross vehicle weight rating ("GVWR") of approximately 80,000 pounds. Plaintiff occasionally drove into Oregon.

17. Plaintiff frequently drives over forty hours in a workweek. For instance, in the workweek beginning June 15, 2025, and ending on June 21, 2025, Plaintiff's paystub reflects approximately 60 hours of work. However, Plaintiff did not receive overtime premium pay according to that paystub. Rather, Plaintiff simply received his same rate per mile, then 74 cents, for each mile driven and $27 per drop.

18. Similarly, in the workweek beginning November 16, 2025, and ending November 22, 2025, Plaintiff's paystub reflects approximately 52 hours of work, but again, there is no line item reflecting overtime premium pay. Instead, Plaintiff received his same rate per mile, then 74 cents, for each mile driven and $27 per drop.

19. Defendant employs at least 50 truck driver employees in the state of Washington.

20. On information and belief, Defendant's other truck driver employees typically work similar schedules to Plaintiff and typically work over forty (40) hours in a workweek.

21. On information and belief, Defendant's uniform pay practice of refusing to pay overtime premium wages applied to all its truck driver employees, who received only their base mileage compensation and drop rate for all hours worked, regardless if they worked over forty (40) hours in a workweek.

22. Defendant was aware that its truck driver employees did not receive overtime wages as required under Washington law. *See* Wash. Rev. Code § 49.46.130(f), Wash. Admin. Code 296-128-012(1)(a).

23. Defendant willfully failed to pay overtime wages owed by Washington law to Plaintiff and other truck driver employees.



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

## V. CLASS ACTION ALLEGATIONS

24. Plaintiff brings his claim for relief under Washington state law, as listed above, for violations of the Washington MWA as a class action pursuant to Rules 23(a), (b)(2), & (b)(3) of the Federal Rules of Civil Procedure.

25. Numerosity (FED. R. CIV. P. 23(a)(1)) – the Class is so numerous that joinder of all members is impracticable. On information and belief, during the relevant time period Defendant employed over 50 truck drivers in the state of Washington.

26. Commonality (FED. R. CIV. P. 23(a)(2)) – Common questions of law and fact exist as to putative members of the Class, including, but not limited to, the following:

a. Whether Defendant has failed to compensate the Class Members for overtime hours worked at the overtime premium rate;

b. Whether Defendant's violation of the MWA was willful;

c. Whether Plaintiff and the Class Members are entitled to double damages under the MWA for the volitional and willful withholding of wages.

27. Typicality (FED. R. CIV. P. 23(a)(3)) –Plaintiff's claims are typical of those of the putative Class. Plaintiff, like other Class Members, was subjected to Defendant's policy or practice of refusing to pay overtime premium wages for hours worked over forty (40) in compliance with the MWA. Plaintiff's job duties and claims are typical of those of the putative Class.

28. Adequacy (FED. R. CIV. P. 23(a)(4)) –Plaintiff will fairly and adequately represent and protect the interests of the putative Class.

29. Adequacy of counsel (FED. R. CIV. P. 23(g)) –Plaintiff has retained counsel competent and experienced in complex class actions and state labor and employment litigation. Plaintiff's counsel has litigated numerous class actions on behalf of employees asserting class claims under state law. Plaintiffs' counsel intends to commit the necessary resources to prosecute this action vigorously for the benefit of all Class Members.



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

30. Class certification of the Washington MWA claims is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the putative Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the putative Class as a whole. Plaintiff is entitled to injunctive relief to end Defendant's policy or practice of refusing to pay overtime premium wages for hours worked over forty (40) in violation of Washington law.

31. Predominance and superiority (FED. R. CIV. P. 23(b)(3)) – Class certification of the MWA claims is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative Class predominate over any questions affecting only individual members of the putative Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies or practices unlawfully fail to compensate the putative Class. The damages suffered by individual members of the putative Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's policy or practice.

32. Notice (FED. R. CIV. P. 23(c)(2)(B)) –Plaintiff intends to send notice to all members of the putative Washington Class to the extent provided by Rule 23.

33. Plaintiff proposes that the class to be certified be initially defined as:

> All current and former Washington-based truck driver employees of Defendant who are or have been employed by Defendant at any time from the date three years before the commencement of this lawsuit through the date of trial of this action.

34. Plaintiff reserves the right to refine this definition or establish sub-classes should discovery reveal that a more appropriate class definition exists.



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

## VI. CAUSE OF ACTION: Violation of Washington Minimum Wage Act

35. Defendant's policies and practices under which Plaintiff and the Class of similarly situated employees were denied overtime premium payments for all hours worked over forty (40) in each workweek violates the Washington MWA (Wash. Rev. Code § 49.46.130(f), Wash. Admin. Code 296-128-012(1)(a)), and constitute willful withholding of wages in violation of Wash. Rev. Code § 49.52.050-.070 entitling such employees to damages as set forth below.

36. As a result of Defendant's unlawful acts, Plaintiff and the putative Class Members have been deprived of compensation in amounts to be determined at trial. Plaintiff and the putative Class Members are entitled to recover such damages, including interest thereon, as well as attorneys' fees and costs. Plaintiff and the Class Members are also entitled to declaratory and injunctive relief.

## VII. JURY DEMAND

37. Plaintiff demands a jury trial.

## VIII. DAMAGES AND PRAYER

38. Plaintiff, individually and on behalf of the putative Class Members asks that the Court award the following order(s) and judgment against Defendant as follows:

a. An order certifying the proposed Class;

b. An order appointing Plaintiff as the representative of the Class;

c. An order appointing Plaintiff's counsel as counsel for the Class;

d. A declaratory judgment finding that the actions complained of herein violate Washington's MWA;

e. An order enjoining Defendant from continuing to deny overtime premium pay to Washington-based truck drivers;

f. Judgment awarding Plaintiff and Class Members compensatory and exemplary damages;

g. Judgment awarding Plaintiff and Class Members double damages under Wash. Rev. Code Wash. Rev. Code § 49.52.050-.070;



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

h. Judgment awarding Plaintiff attorneys' fees and costs, as allowed by law;

i. Judgment awarding pre- and post-judgment interest to Plaintiff and the putative Class Members, as provided by law; and

j. Such other and further relief as the Court deems necessary.

DATED: June 29, 2026

BRESKIN JOHNSON TRIAL LAWYERS, PLLC

By: *s/Cynthia J. Heidelberg*
Cynthia J. Heidelberg, WSBA # 44121
506 Second Avenue, Suite 2400
Seattle, WA 98104
(206) 652-8660
cheidelberg@bjtlawyers.com

*ATTORNEYS FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS*